### BUSSEY v. EXCELSIOR MANFG. CO.

*(Circuit Court, E. D. Missouri. February 5, 1880.)*

PATENT—INFRINGEMENT—DAMAGES—EVIDENCE.—A rescinded contract in relation to the payment of royalty for the use of a patent is not competent evidence in determining the measure of damages for the infringement of the same.

Exceptions of complainant to report of master as to assessment of damages.

*Sprague & Hunt*, for complainant.

*Samuel S. Boyd*, for respondent.

TREAT, J., (*orally.*) Complainant relied for the measure of damages upon a rescinded contract, wherein the respondent agreed that if all or any of the several patents named therein were used by the respondent, one dollar royalty for each stove manufactured should be paid. There was no other evidence offered before the master. Now, as said contract had no longer existence, and the court held that but two of the several patents were infringed, it became necessary to ascertain, in some intelligent manner, the damages sustained by the complainant for the use thereof. No evidence on that subject was offered, and thereupon the master reported nominal damages. The contention is that he should have gone back to the rescinded contract, and applied the terms thereof to the condition of affairs after such contract ceased to be obligatory. The court holds otherwise. The exceptions are overruled, the report confirmed, and costs divided as heretofore ordered.